IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FRANCISCO GARCIA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CASE NO. 4:11CV144 |
| | § | |
| CITY OF SHERMAN, TEXAS | § | |
| | § | |
| Defendant. | § | |

### ORDER AND REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE REGARDING MOTION FOR SUMMARY JUDGMENT

Now before the Court are Defendant's Motion for Summary Judgment (Dkt. 27) and Defendant's Objections to and Motion to Strike Plaintiff's Summary Judgment Evidence (Dkt. 34). As set forth below, the motion to strike (Dkt. 34) is GRANTED in part and DENIED in part and the Court recommends that the motion for summary judgment (Dkt. 27) be DENIED.

#### FACTUAL BACKGROUND

Plaintiff, Francisco Garcia, was employed by the City of Sherman, Texas for approximately twenty-four years. *See* Dkt. 18 at ¶ 5. While Plaintiff held various positions within departments in the City of Sherman including code enforcement and water department, at the time of his discharge, Plaintiff was employed in the parks department as a laborer. *Id.* Plaintiff claims that, on or about March 26, 2010, his supervisor asked him to help translate a contract job from English to Spanish. *Id.* at ¶ 6. According to Plaintiff, he was not comfortable enough with his Spanish to translate for a contract job. *Id.* at ¶ 7. Shortly thereafter, Plaintiff claims, he was written up for not one but two

1

disciplinary incidents, the first for riding in the back of a trailer, and the second for refusing to translate for the contract job. Plaintiff signed the first write-up but refused to sign the second, claiming translating was not apart of his job duties and that he was unqualified to properly translate. Plaintiff took up the issue with the human resources director, who dismissed Plaintiff for refusing to sign the write up. Plaintiff claims that he was discharged on account of his race.

On or about July 13, 2010, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission (EEOC). On February 15, 2011, he received the Notice of Right to Sue from the EEOC.

Plaintiff filed suit in this Court on or about March 21, 2011. In his First Amended Complaint, Plaintiff alleges Defendant violated 42 U.S.C.A. 2000e (Unlawful Employment Practices), and Title VII of the Civil Rights Act of 1964.

On April 27, 2012, Defendant filed its motion for summary judgment, seeking summary judgment in its favor and dismissal of all of Plaintiff's claims herein. Plaintiff has filed a response in opposition.[1]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*,

---

[1] Defendant's motion was filed on April 27, 2012. *See* Dkt. 27. The Court granted Plaintiff an agreed extension to respond to the motion until June 1, 2012, a Friday. *See* Dkt. 29. Plaintiff's response was not filed until the next business day, June 4, 2012. *See* Dkt. 32. By separate order of the Court, the response has been deemed timely filed. *See* Dkt. 37.

526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required

to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

## ANALYSIS

Here, Plaintiff has alleged racial discrimination in violation of 42 U.S.C. § 2000e and Title VII of the Civil Rights Act. The Fifth Circuit has set forth a specific rubric under which this Court must analyze the summary judgment record in the employment discrimination context. The modified *McDonnell Douglas* test is used when analyzing claims for race discrimination under Title VII. Under the modified *McDonnell Douglas* approach, a plaintiff must demonstrate a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed.2d 668 (1973); *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004); *Willis v. Coca Cola Enters., Inc.,* 445 F.3d 413, 420 (5th Cir. 2006). In order to establish a *prima facie* case of race discrimination, a plaintiff must show: (1) he is a member of a protected group; (2) he was qualified for the position; (3) an adverse employment action occurred; and (4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances. *Wesley v. General Drivers, Warehousemen and Helpers Local*, 745 660 F.3d 211, 213 (5th Cir. 2011). *See also St. Mary's Honor Center,* 509 U.S. 502, 506, 113 S. Ct. 2742, 2747 (1993); *McCoy v. City of Shreveport,* 492 F.3d 551, 556 (5th Cir. 2007); *Pegram v. Honeywell, Inc.,* 361 F.3d 272, 281 (5th Cir. 2004).

Once established, the *prima facie* case raises a presumption of discrimination which the defendant must rebut by articulating legitimate, nondiscriminatory reasons for its actions. *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 120 S. Ct. 2097, 147 L. Ed.2d 105 (2000); *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254-56, 101 S. Ct. 1089, 67 L. Ed.2d 207 (1981). The burden on the employer at this stage is one of production, not persuasion and does not involve any assessment of the employer's credibility. *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007).

Once the defendant produces evidence of a legitimate, nondiscriminatory reason for the adverse action, "the presumption of discrimination created by the plaintiff's *prima facie* case disappears and the plaintiff must meet its ultimate burden of persuasion on the issue of intentional discrimination." *Machinchick v. PB Power, Inc.,* 398 F.3d 345, 350 (5th Cir. 2005). Consequently, the burden shifts back to the plaintiff to show that either: (1) the defendant's reason is not true, but is instead designed to serve as pretext for unlawful discrimination; *or* (2) that the defendant's reason, while true, is not the only reason for its conduct, and another "motivating factor" is the plaintiff's protected characteristic. *Id.* at 351-52; *Rachid,* 376 F.3d at 312 (citation omitted). "[T]he plaintiff must rebut each nondiscriminatory or nonretaliatory reason articulated by the employer." *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007).

In its motion for summary judgment, Defendant makes the following arguments in support of its contention that Plaintiff's claims of racial discrimination should be dismissed: (a) Plaintiff failed to suffer and adverse employment decision; (b) there is no direct evidence of discrimination; and (c) there is no circumstantial evidence of discrimination because Plaintiff has not identified any

5

comparator employees and because the City has offered a legitimate and non-discriminatory reason for Plaintiff's termination. *See* Dkt. 27.

In support of its motion, Defendant has offered the following summary judgment evidence:

(A)     Portions of Plaintiff's First Amended Complaint;

(B)     Plaintiff's Objections and Responses to Defendant's First Request for Admissions;

(C)     Oral Deposition Testimony of Plaintiff Francisco Garcia, provided on April 13,2012;

(D)     Portions of the Oral Deposition Testimony of Chris Garner, provided on March 38, 2012;

(E)     Portions of the Oral Deposition Testimony of Human Resources Director, Wayne Blackwell, provided on November 30, 2011;

(F)     Portions of the Oral Deposition Testimony from Parks and Community Services Department Director, Kevin Winkler, provided on October 21, 2011;

(G)     Portions of the Oral Deposition Testimony of Parks and Community Services Department employee Steven Pine, provided on October 12, 2011;

(H)     True and correct copies of documents produced by the City, as follows:

(1) Personnel Status Change, dated March 24, 1986;
(2) Request for Transfer from Ground Maintenance to Distribution Services;
(3) Employee Performance Evaluation for period ending May 1, 2002;
(4) Disciplinary Action Form, dated August 12, 1988;
(5) Corrective Action Form, dated May 24, 2000;
(6) Request for Transfer form Distribution Services to Code Enforcement;
(7) Personnel Status Change, dated November 6, 2006;
(8) Personnel Status Change, dated January 22, 2008;
(9) Disciplinary Action Form (verbal), dated December 16, 2009;
(10) Disciplinary Action Form (verbal), dated January 11, 2010;
(11) Disciplinary Action Form (observation), dated January 14, 2010;
(12) Disciplinary Action Form (written), dated February 22, 2010;
(13) Disciplinary Action Form (verbal), dated March 26, 2010;

(14) Disciplinary Action Form (written), dated March 26, 2010;
(15) Position Description;

(I) True and correct copies of documents produced by Plaintiff, as follows:
(1) Letter Confirming Separation from Employment, dated March 26, 2010;
(2) Letter regarding Plaintiff's Appeal, dated April 9, 2010.

Dkt. 27-1 – 27-10.

In response, Plaintiff argues that he has established a *prima facie* case of racial discrimination and that the City's stated reason for Plaintiff's discharge is pretextual. Plaintiff has attached to his response the following summary judgment evidence:

(A) Excerpts from Oral Deposition of Wayne Blackwell, dated November 30, 2011;

(B) Excerpts from Oral Deposition of Chris Garner, dated March 28, 2012;

(C) Disciplinary Action Form, dated March 26, 2010 (COS 00027);

(D) Letter of Separation, dated March 26, 2010 from Wayne Blackwell to Francisco Garcia (COS 00026);

(E) Letter of Appeal, dated March 31, 2010 from Francisco Garcia (COS 00025);

(F) Letter Denying Appeal, dated April 9, 2010 from George Olson (COS 00021);

(G) Texas Workforce Commission Employer Response to Notice of Application (COS 00046);

(H) Defendant's Objections and First Amended Answers to Plaintiff's First Set of Interrogatories, dated March 9, 2012;

(I) Affidavit of Francisco Garcia,

Dkt. 32-1 – 32-10.

**Defendant's Motion to Strike**

The Court first addresses Defendant's Objections to and Motion to Strike Plaintiff's Summary Judgment Evidence (Dkt. 34). As set forth below, the motion is GRANTED in part and DENIED in part.

In its motion Defendant asks the Court to strike, in whole or in part, Plaintiff's Exhibit I, the Affidavit of Fransisco Garcia. Defendant's objections to Paragraph's 25 and 26 of Plaintiff's affidavit regarding treatment of another employee, Javier Soto, are sustained, as it is not clear from the record that those statements are based on Plaintiff's personal knowledge. The motion to strike is GRANTED as to those paragraphs, and the Court has not considered those portions of the affidavit in its consideration of Defendant's summary judgment motion.

Defendant's objections to Paragraph 28 are also sustained, as it is not clear whether Plaintiff has personal knowledge of who replaced him. The motion to strike is therefore GRANTED as to Paragraph 28 of Plaintiff's affidavit.

Finally, Defendant's objections to Paragraph 27 are overruled. The Court will consider the statements contained in the affidavit regarding Plaintiff's observations of a meeting with Mr. Soto and is capable of discerning Plaintiff's opinion from fact in these summary judgment proceedings.

***Prima Facie* Case of Discrimination**

In order to survive summary judgment, Plaintiff must point to summary judgment evidence which creates a genuine issue of material fact as to a *prima facie* case of discrimination, which, as noted above requires a showing that (1) he is a member of a protected group; (2) he was qualified for the position; (3) an adverse employment action occurred; and (4) he was treated less favorably

because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances. *Wesley v. General Drivers, Warehousemen & Helpers Local*, 660 F.3d 211, 213 (5th Cir. 2011). *See also McCoy v. City of Shreveport,* 492 F.3d 551, 556 (5th Cir. 2007); *Pegram v. Honeywell, Inc.,* 361 F.3d 272, 281 (5th Cir. 2004).

The first two elements of Plaintiff's *prima facie* case – that he is a member of a protected class and qualified for the position of maintenance worker – are not disputed by the City. *See* Dkt. 27 at 20. Thus, the Court's summary judgment analysis focuses on whether Plaintiff suffered an adverse employment action and whether he was replaced by someone not in a protected group or treated less favorably.

*Adverse Employment Action*

Defendant argues that Plaintiff failed to suffer an adverse employment decision here. Essentially, Defendant argues that Plaintiff cannot show that he suffered an adverse employment action because he resigned.

Plaintiff responds that he did not resign of his own volition but was in essence fired because he was given the choice to sign the disciplinary write up or resign. Plaintiff points to a filing made by Defendant's H.R. Director, Wayne Blackwell, with the Texas Workforce Commission regarding Plaintiff's separation from employment. *See* Dkt. 32-8. That document, entitled "Texas Workforce Commission Employer Response to Notice of Application," and completed by Blackwell, indicates as to Plaintiff, "Reason for Work Separation: Fired." *Id* at 1. In response to the question: "Why Did you fire the applicant?," Blackwell responded "Insubordination – Refusal to follow supervisor

9

direction and Personnel Rules and Regulations." *Id*. Plaintiff also cites to Blackwell's deposition testimony in which he acknowledges submitting the form to the Texas Workforce Commission and also concedes that he could not recall another situation in which an employee was considered to have resigned based on the refusal to sign a written reprimand. *See* Dkt. 32-2 at 6-7.

Defendant's motion claims that "City employees may have unintentionally referred to the separation as a 'firing'" but argues, without any specific citation, that "[t]his reference should in no way negate the substantial deposition testimony and documentary evidence regarding how the City approached this matter." Dkt. 27 at 17, fn 15. Defendant's reply cites to a portion of Blackwell's deposition in which he claims to have explained to Plaintiff that his "separation" was not a "firing" but the result of Plaintiff's refusal to sign a written reprimand. *See* Dkt. 42 at 3 (citing Dkt. 27-6 at 6). The Court is not convinced.

An adverse employment action is an ultimate employment decision such as hiring, granting leave, discharging, promoting, or compensating. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004). Here, there is no dispute that Plaintiff is no longer employed by Defendant. And, there is clearly an issue of material fact as to, however labeled by the company, whether Plaintiff was fired or whether Plaintiff resigned. If he indeed resigned, there remains an additional fact issue as to whether such resignation constituted a constructive discharge.

"A constructive discharge occurs when the employer makes working conditions so intolerable that a reasonable employee would feel compelled to resign." *Hunt v. Rapides Healthcare Sys., LLC,* 277 F.3d 757, 771 (5th Cir. 2001). The determination of whether an incident is a constructive discharge is an objective, reasonable employee, test under which it is asked whether a reasonable

person in the plaintiff's shoes would have felt compelled to resign. *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007). Here, the Court finds that sufficient evidence in the record creates a fact issue as to why Plaintiff "separated" from the City.

Therefore, the Court finds that Plaintiff has sustained his burden in demonstrating a genuine issue of material fact as to whether he suffered an adverse employment action and will not grant summary judgment on that grounds.

*Less Favorable Treatment*

Finding a genuine issue of material fact as to adverse employment action, the Court next turns to the fourth element of Plaintiff's *prima facie* case: whether he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances. *Wesley*, 660 F.3d at 213. Defendant has argued that because there is no evidence of any "comparators," Plaintiff cannot create a fact issue as to the fourth element because there is no evidence that he was treated less favorably than similarly situated non-Hispanic employees.

The Court finds that, given the facts of this case, the analysis is not so simple. Cases of racial discrimination are fact-specific. *Id*. at 214 ("The Supreme Court also noted, however, that cases of racial discrimination are fact-specific, stating that the *McDonnell Douglas* four-part test would not necessarily be applicable to all fact situations."). Here, Plaintiff alleges that the only reason he was asked to translate was his Hispanic ethnicity and that he was fired because he refused sign a reprimand issued when he would not translate into Spanish when it was not part of his job description or duties. As to other employees, Plaintiff cites to deposition testimony by Chris Garner,

11

with the City, that there were other no other employees were asked to translate the materials and that translation was not a specific job duty listed in Plaintiff's job description. *See* Dkt. 32-3 at 66-67. The summary judgment record also contains testimony from both Garner and Blackwell that they could not think of another incident where a refusal to sign a write up resulted in an employee being forced to resign. *See* Dkt. 32-2 at 7

The Court finds that this evidence is sufficient to create a fact issue as to Plaintiff's *prima facie* case of discrimination. As the Southern District of Texas has noted "[a] plaintiff can fulfill the fourth element if she proves that she suffered an adverse employment action under circumstances in which an employee of a different race would not have suffered that action, irrespective of the race of her eventual replacement, if there is one." *Hill v. New Alenco Windows, Ltd.*, 716 F. Supp.2d 582, 595-96 (S.D. Tex. 2009) (citing *EEOC v. Brown & Root, Inc.*, 688 F.2d 338, 340-341 (1982)). Here, there is an issue of fact as to whether a non-Hispanic employee would have been reprimanded for refusing to make Spanish translations. "[I]n resolving an individual's Title VII claim, the crux of the inquiry is the reason for a particular employment decision" *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2552 (U.S. 2011) (internal citations and quotations omitted). Here, Plaintiff has sustained his burden in creating a fact issue to support his contention that the reason his employment was terminated because he was a Hispanic individual who would not act as a Spanish translator.

**Non-Discriminatory Reason**

With Plaintiff's burden satisfied, the burden now shifts to Defendant to show that the City had a legitimate reason for the forced resignation, or what Defendant terms "Plaintiff's separation from employment." Defendant argues that Plaintiff's "separation from employment occurred

following a series of issues which culminated with Plaintiff disobeying a lawful and reasonable supervisory request and then further refusing to acknowledge the written reprimand documenting his insubordination." Dkt. 27 at 22. Defendant then cites generally to the Facts portion of its summary judgment briefing. Although summary judgment briefing should contain specific cites to the record, the Court notes that Defendant's summary judgment record does contain evidence of a Warning issued to Plaintiff in 1988 for driving a city vehicle in an improper manner (*see* Dkt. 27-9 at 13); a Corrective Action Form, dated May 24, 2000, regarding an oral warning given to Plaintiff as a result of a physical altercation with another employee (*see* Dkt. 27-9 at 15-16); a Disciplinary Action Form dated December 16, 2009, directing Plaintiff "to drive the most direct routes from his work assignment and shop" (*see* Dkt. 27-9 at 24); a Disciplinary Action Form dated December 16, 2009, directing Plaintiff "to stay on the streets with the most direct route between his work assignments and the shop" (*see* Dkt. 27-9 at 26); a Disciplinary Action Form dated January 11, 2010 regarding Plaintiff's working in area he was not assigned to work in (*see* Dkt. 27-9 at 28); Disciplinary Action Form, dated February 22, 2010, reprimanding Plaintiff for not getting approval to leave assigned work area (*see* Dkt. 27-9 at 30); and a Disciplinary Action Form, dated March 26, 2010, directing Plaintiff to "ride inside the assigned truck and not expose himself to unneccessary (sic) safety hazards by riding on a moving trailer" (*see* Dkt. 27-9 at 32). The Court notes that, while numerous, these "write ups" only resulted in one suspension (in 1988 – more than 20 years prior to Plaintiff's termination) and one written reprimand in February 2010, shortly prior to the March 2010 written reprimand at issue. The Court further notes that many of the Disciplinary Action Forms in Plaintiff's file are not signed by Plaintiff. Nonetheless, the City's burden at this phase is only one

of production, not persuasion, and the Court finds that it has sustained its summary judgment burden. *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007).

**Pretext**

With Defendant's burden established, the Court must now turn back to Plaintiff to determine whether the reasons given are pretexual. "A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence." *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (internal citations and quotations omitted). Having reviewed the summary judgment record here, the Court finds that Plaintiff has identified evidence that create a genuine issue of material fact as to whether Plaintiff's employment was terminated because of a series of issues, as the City contends, or whether he was terminated (or separated, as described by the City) because he would not translate when asked to. In addition to the materials submitted to the Texas Workforce Commission along with Blackwell's deposition testimony that Plaintiff was separated because of his refusal to sign the written reprimand, *see* Dkt. 32-2 at 7, the timing of the termination coupled with the letter from the City referencing his "refusal to follow lawful orders/directives given to you by your immediate supervisor," *see* Dkt. 32-5 at 1, shortly after his refusal to translate as directed, could all suggest that Plaintiff was not terminated for the legitimate reasons proffered. And, there is enough summary judgment evidence before the Court to create a fact issue as to whether Defendant's proffered reason was " the real reason for the adverse employment action." *Laxton*, 333 F.3d at 578.

Defendant's Motion for Summary Judgment (Dkt. 27) should be DENIED and this case should proceed to trial.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 19th day of December, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE